**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
FILE NUMBER 3:23-cv-00705-MR**

| | | |
|---|---|---|
| **MARTINEZ BLACK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **LESLIE COOLEY DISMUKES,** | ) | |
| **Secretary, North Carolina** | ) | |
| **Department of Adult Correction,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petition for a Writ of Habeas

Corpus, filed by Petitioner under 28 U.S.C. § 2254 on October 26, 2023, [No.

3:23-cv-00705-MR; Doc. 1],[1] and the Respondent's Motion to Dismiss. [Id.;

Doc. 14].

## I.    BACKGROUND

Martinez Black (the "Petitioner") is a prisoner of the State of North

Carolina, currently incarcerated at the Caswell Correctional Center.[2] The

_____

[1] Because this Order must refer to documents contained in other cases Petitioner has filed with the Court, citations to all documents will be preceded by the Court's file number where such documents reside. The Court takes judicial notice of all such documents. Fed. R. Evid. 201.

[2] See  https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0

Petitioner has filed this habeas proceeding not seeking to challenge certain underlying convictions but asserting that the North Carolina Department of Adult Correction has failed to credit his sentences flowing from such convictions with time he spent in pretrial detention.

On February 4, 2008, Petitioner was convicted of Voluntary Manslaughter, Possession of a Firearm by a Felon, and having attained Habitual Felon status. [No. 3:20-cv-00116-RJC; Doc. 1-1 at pp. 4-7]. These convictions occurred in the Superior Court of Mecklenburg County, North Carolina (collectively "Mecklenburg County Convictions"). For Petitioner's Habitual Voluntary Manslaughter conviction, case file number 04-CRS-239042, the state court imposed upon Petitioner a sentence of 130 to 165 months imprisonment. [Id.; Doc. 1-1 at 4]. For Petitioner's Habitual Possession of a Firearm by a Felon conviction, case file number 04-CRS-61836, the state court imposed upon Petitioner a consecutive sentence of 130 to 165 months imprisonment. [Id.; Doc. 1-1 at 6]. Each written judgment initially[3] set forth that Petitioner be given credit for 1,231 days spent in pretrial confinement toward each respective sentence. [Id.].

---

032357&searchOffenderId=0032357&searchDOBRange=0&listurl=pagelistoffendersear chresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

[3] Respondent readily concedes that, "[i]n an apparent clerical error," both initial written judgments from the Mecklenburg County Superior Court provided for 1,231 days of pretrial credit. [No. 3:23-cv-00705-MR; Doc. 15 at 2]. According to Respondent, sometime

Petitioner has completed his first sentence and has begun serving his second sentence. Petitioner claims he has not received any pretrial detention credit ordered by the state court for his second sentence. Petitioner alleges,

> After trial I was sentenced to two consecutive 130 to 165 sentences I had 1,231 day of credit for my offenses at sentencing I received credit to "Both" sentences for 1,231 days upon my arrival at NCDAC "Someone" took "Whiteout" and erased my credits so I have not been given the proper Legal Pretrial credit on the sentence captioned on this motion. You can "Clearly" see on my judgment that my credit was given then somebody took whiteout to remove it plus my release date and printout reflects I did not receive this credit.

[Doc. 1 at 5].

Because Petitioner identified discrepancies between the calculation of his two sentences which could be the result of a failure to credit his pretrial detention time toward the completion of his second sentence, the Court entered an Order on March 19, 2025, directing the Respondent to answer or otherwise plead to the petition. [No. 3:23-cv-00705-MR; Doc. 6]. The Respondent filed a Motion to Dismiss [Id.; Doc. 14] on August 18, 2025, and accompanying Memorandum with exhibits. [Id.; Doc. 15]. Thereafter, the Court notified Petitioner of the Respondent's Motion to Dismiss by Order

---

after the date of Petitioner's convictions on February 4, 2008, but before April 21, 2008, the date the North Carolina Department of Adult Correction received Petitioner's final written judgments, the 1,231 days of pretrial detention credit was removed from Petitioner's Habitual Possession of a Firearm by a Felon judgment. [Id.].

3

dated September 22, 2025 [Id.; Doc. 20], and permitted Petitioner an opportunity to reply to Respondent's dismissal motion. Petitioner filed his reply with exhibits on November 19, 2025. [Id.; Doc. 27]. The matter is thus ripe for resolution.

## II.    DISCUSSION

### A.    Standard of Review

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States.  Rule 1(a)(1), 28 U.S.C. foll. § 2254.  Under § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement.  Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

In reviewing Petitioner's claims, the Court must consider the requirements governing petitions for habeas corpus under § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254.  A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). To find an "unreasonable application of federal law" requires a "substantially higher threshold" to overcome. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). In making this assessment, the habeas court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Barnes, 751 F.3d at 238-39 (citation omitted).

For a state court's factual determination to be held unreasonable under § 2254(d)(2), "[the determination] must be more than merely incorrect or erroneous." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). The state court's finding must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Id. (citation omitted). The

AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" to the contrary.  28 U.S.C. § 2254(e)(1).  These provisions of the AEDPA, "operating in tandem," require that a petitioner seeking relief under § 2254(d)(2) establish that the state court's factual finding was "incorrect by clear and convincing evidence, and that the corresponding factual determination was objectively unreasonable in light of the record before the court."  Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (internal quotation marks omitted)).

In sum, a federal court "shall not" grant a writ of habeas corpus unless the earlier decision took an "unreasonable" view of the facts or law. 28 U.S.C. § 2254(d). By design, this "standard is difficult to meet." Harrington v. Richter, 562 U.S. 86, 102 (2011). The term "unreasonable" refers not to "ordinary error," plain error, or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice syste[m]."  Id. (internal citation omitted).   The critical question is whether the state court "managed to blunder so badly that every fairminded jurist would disagree" with its outcome.   Mays v. Hines, 141 S. Ct. 1145, 1149 (2021).

**B. Respondent's Motion to Dismiss**

**1. Successiveness of the Petition**

Petitioner sustained the Mecklenburg County Convictions on February 4, 2008. [No. 3:23-cv-00705-MR; Doc. 1 at 1]. Petitioner then appealed to the North Carolina Court of Appeals which found no error. <u>State v. Black</u>, 197 N.C. App. 731, 678 S.E.2d 689 (2009). Petitioner appealed further to the North Carolina Supreme Court which dismissed his appeal. <u>State v. Black</u>, 363 N.C. 657, 685 S.E.2d 108 (2009). Petitioner did not seek further direct review in the U.S. Supreme Court.[4]

Petitioner commenced post-conviction collateral litigation by filing a <u>pro se</u> Motion for Appropriate Relief (herein "MAR") in the Mecklenburg County Superior Court on June 4, 2010. [No. 3:12-cv-00286-RJC; Doc. 1-1 at pp. 11 to 16]. The Superior Court found that Petitioner's MAR did "not state any grounds for which the Court may grant relief" and therefore denied and dismissed the same on June 18, 2010. [<u>Id.</u>; Doc. 1-1 at 10]. The Petitioner

---

[4] While Petitioner states in his present petition he filed a certiorari petition with the U.S. Supreme Court on direct review of his convictions [No. 3:23-cv-00705-MR; Doc. 1 at 2], in his first federal habeas action contesting the Mecklenburg County Convictions Petitioner stated he did not file such a certiorari petition with the U.S. Supreme Court. [No. 3:12-cv-00286-RJC; Doc. 1 at 2]. The only matter ever filed in the U.S. Supreme Court by Petitioner was a petition for writ of certiorari seeking review of a Mecklenburg County Superior Court order dated January 11, 2017, denying a different one of Petitioner's many collateral motions for appropriate relief. <u>Martinez Orlando Black v. North Carolina</u>, No. 18-5127 (pet. for cert. filed Jan. 30, 2018).

sought review of the Superior Court's order by way of petition for writ of certiorari in the North Carolina Court of Appeals. [Id.; Doc. 1-1 at pp. 3 to 5]. The appellate court denied Petitioner's request by its order dated November 24, 2010. [Id.; Doc. 1-1 at 1].

Petitioner filed his first § 2254 petition on May 7, 2012, challenging the constitutionality of his custody based upon his Mecklenburg County Convictions. [No. 3:12-cv-00286-RJC; Doc. 1]. This Court dismissed that petition on February 13, 2013, having found that it was filed beyond the applicable statute of limitations. [Id.; Doc. 12]. Petitioner appealed that dismissal order, and on October 3, 2023, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal for want of jurisdiction because Petitioner filed his notice of appeal more than ten years too late. Black v. Parsons, No. 23-6509 (4th Cir. Oct. 3, 2023).

On August 6, 2019, Petitioner filed another MAR in the Mecklenburg County Superior Court. According to Petitioner, he filed this MAR "not in any form or fashion challenging my [Mecklenburg County] convictions" but "challenging the way my sentence was carried out." [No. 3:23-cv-00705-MR; Doc. 15-14 at 22]. In that MAR, Petitioner included a copy of his correct Habitual Possession of a Firearm by a Felon judgment (showing no pretrial credit time) when making his argument that his Habitual Felon status was

unlawful. [Id.; Doc. 15-14 at 20]. The state trial court denied Petitioner's MAR by order[5] filed September 23, 2019 [Id.; Doc. 15-14 at pp. 11-14], and the North Carolina Court of Appeals thereafter denied Petitioner's request for review of such order on February 24, 2020. [Id.; Doc. 15-14 at 2].

Petitioner filed another § 2254 petition, this one on May 17, 2023, challenging the constitutionality of his custody based on the same Mecklenburg County Convictions. [No. 3:23-cv-00297-MR; Doc. 1]. With this submission, Petitioner sought to challenge his 2008 conviction for having attained Habitual Felon status, just as he did in his August 6, 2019, MAR filed in state court. This Court dismissed the petition on April 16, 2024, finding that it was an unauthorized successive petition. [Id.; Doc. 6].

---

[5] The state trial court's order denying this MAR correctly recited Petitioner's sentences consistent with its oral pronouncement of sentence following Petitioner's trial:

> On or about February 4, 2008 a jury convicted the Defendant of voluntary manslaughter, possession of firearm by a felon and of being a habitual felon. On the voluntary manslaughter verdict the Honorable Linwood Foust sentenced the Defendant as a habitual felon in the aggravated range to 130 to 165 months imprisonment. The Defendant was given credit for 1231 days spent in pre-trial confinement. This sentence was to begin at the expiration of all sentences which the defendant is presently obligated to serve. On the possession of a weapon by a convicted felon Judge Foust sentenced him as a habitual felon in the aggravated range to 130 to 165 months imprisonment, to run consecutive to the voluntary manslaughter charge.

[Id.; Doc. 15-14 at 20]. See also, Section II.B.3., infra, at 20 (state trial court transcript of Petitioner's sentencing hearing).

Petitioner filed the instant habeas petition on October 26, 2023, asserting that the North Carolina Department of Adult Correction failed to properly credit his sentences flowing from his Mecklenburg County Convictions. [No. 3:23-cv-00705-MR; Doc. 1 at 5].  Respondent asserts, in her dismissal motion, that the present petition is yet another unauthorized successive habeas petition filed by Petitioner challenging the same state court judgments. [Id.; Doc. 15 at pp. 10-11].  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, according to Respondent, Petitioner must first obtain an order from the Fourth Circuit Court of Appeals before this Court can consider any successive petition under 28 U.S.C. § 2254. [Id.].  And because Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition, Respondent asserts this successive petition must be dismissed. [Id.].  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

In response, and because he is challenging what he contends is the denial of legitimate sentencing credit – and not the constitutionality of his underlying Mecklenburg County Convictions – Petitioner asserts that § 2254's successiveness authorization requirement is not applicable to his case. [No. 3:23-cv-00705-MR; Doc. 27 at 7]. Petitioner's argument, however, is foreclosed by circuit precedent.  The Fourth Circuit has unequivocally held that,

> regardless of how they are styled, federal habeas petitions of prisoners who are "in custody pursuant to the judgment of a State court" should be treated as "applications under section 2254" for purposes of § 2244(b), <u>even if they challenge the execution of a state sentence</u>. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3).

<u>In re Wright</u>, 826 F.3d 774, 779 (4th Cir. 2016) (emphasis added, footnote omitted).  Petitioner, like Mr. Wright, nevertheless contends that the "second or successive" bar remains inapplicable because the claim in his present petition was not previously brought in a prior petition; "this petition is 'NOT' successive because 'All Prior' Motions 'Only' challenged my 'Convictions' not Jail Credit!!" [No. 3:23-cv-00705-MR; Doc. 27 at 7].

The phrase "second or successive" is not self-defining and "takes its full meaning from [the Supreme Court's] case law, including decisions predating the enactment of the…AEDPA[.]"  <u>Panetti v. Quarterman</u>, 551 U.S.

930, 943-4 (2007). Because of this, the Fourth Circuit determined – looking to Supreme Court precedent – that new claims raised in subsequent habeas petitions were "abusive" (i.e., "successive") if those claims were *available* to the petitioner at the time of a prior petition's filing. Wright, 826 F.3d at 784 (citations omitted). See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). Further, the Circuit observed this principle "is not confined to instances where litigants deliberately abandon claims; it also applies to instances where litigants, through inexcusable neglect, fail to raise available claims." Wright, 826 F.3d at 784 (citations and internal quotations omitted).

With the foregoing in mind, the claim Petitioner raises in his present petition was clearly available to him when he filed an MAR in the state trial court on August 6, 2019, as well as when he filed a prior § 2254 petition in this Court on May 17, 2023. In that MAR, as noted above, Petitioner included a copy of his correct Habitual Possession of a Firearm by a Felon judgment (showing no pretrial credit time) when making his argument to the state court that his Habitual Felon status was unlawful. [No. 3:23-cv-705-MR; Doc. 15-14 at 22]. Petitioner's use of the correct Habitual Possession of a Firearm

12

by a Felon judgment in that 2019 MAR establishes **at that time** that he knew (or should have known) he was not entitled to pretrial detainment credit against both sentences flowing from his Mecklenburg County Convictions. Thereafter, Petitioner raised this same MAR claim in his § 2254 petition (filed May 17, 2023) predating the present action. Accordingly, Petitioner's present claim is "abusive" as it was available to him at the time of a prior petition's filing and could have been raised then. Therefore, based on pre-AEDPA abuse-of-the-writ principles, the present petition must be deemed "second or successive." Because Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition, the present petition shall be dismissed.

## 2. Timeliness of the Petition

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the execution of his sentence which flowed from his state criminal judgment is subject to a one-year statute of limitations.

The AEDPA, as amended in 1996, provides in relevant part:

13

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

\* \* \* \* \*

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) and (d)(1)(D).  Respondent argues that Petitioner filed this action beyond the limitations period under § 2244(d)(1)(A) and the petition, therefore, should be dismissed.  [No. 3:23-cv-00705-MR; Doc. 15 at 12].  While the Court concludes that the present petition is untimely, it does so for reasons different than those asserted by Respondent. The Court begins by addressing the limitations period under the finality of judgment subsection, 2244(d)(1)(A), that Respondent asserts controls this issue.

North Carolina's direct review process begins with an appeal from the trial court to the North Carolina Court of Appeals. Petitioner pursued a direct appeal to the Court of Appeals which affirmed his convictions and sentences on July 7, 2009.  State v. Black, 197 N.C. App. 731, 678 S.E.2d 689 (2009). Petitioner appealed further to the North Carolina Supreme Court which dismissed his appeal on October 8, 2009. State v. Black, 363 N.C. 657, 685

14

S.E.2d 108 (2009).  Petitioner did not seek further direct review in the U.S. Supreme Court.

After a state's highest appellate court issues its decision in the direct appeal of a criminal case, a defendant who timely files a petition for writ of certiorari with the United States Supreme Court thereby tolls the habeas statute of limitations period while such petition is pending. If no petition for a writ of certiorari is filed in the United States Supreme Court on direct review, the one-year limitation period for filing a habeas corpus petition begins running when the time for doing so has elapsed, normally 90 days pursuant to Supreme Court Rule 13. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).

Since Petitioner did not seek Supreme Court review, his judgment thus became final on January 6, 2010, ninety days following the issuance of the North Carolina Supreme Court's decision. Petitioner therefore had one year – until January 6, 2011 – to file his petition with this Court to comply with the AEDPA limitations deadline.

Section 2244(d)(2) of the AEDPA specifies the circumstances under which the statute of limitations period may be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). With this statutory tolling provision in mind, the

Petitioner's limitations period ran for 149 days, from January 6, 2010, until June 4, 2010, when Petitioner filed his MAR in the Mecklenburg County Superior Court. [No. 3:12-cv-00286-RJC; Doc. 1-1 at pp. 11 to 16]. The Superior Court found that Petitioner's MAR did "not state any grounds for which the Court may grant relief" and therefore denied and dismissed the same on June 18, 2010. [Id.; Doc. 1-1 at 10]. The Petitioner sought review of the Superior Court's order by way of petition for writ of certiorari in the North Carolina Court of Appeals. [Id.; Doc. 1-1 at pp. 3 to 5]. The appellate court denied Petitioner's request by its order dated November 24, 2010 [Id.; Doc. 1-1 at 1], ending Petitioner's collateral review proceedings. Accordingly, Petitioner's MAR was no longer "pending" pursuant to 28 U.S.C. § 2244(d)(2) as of November 24, 2010, and he was not entitled to statutory tolling beyond that date. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (en banc). The limitations period thus began to run again November 24, 2010, and expired 216 days later on June 28, 2011. Since "Petitioner's time to petition this Court expired on 28 June 2011, more than a decade prior to the filing of the instant petition[,]" Respondent contends the present petition is untimely and must be dismissed. [No. 3:23-cv-00705-MR; Doc. 15 at 15].

In response, Petitioner rhetorically asks, "How can the state claim to have me time barred when the state cannot even tell you when my judgment

16

was changed?" [3:23-cv-00705-MR; Doc. 27 at 6]. Petitioner implies that the burden shifted to the Respondent to prove the exact date Petitioner's erroneous judgment was corrected. This, however, is simply not the law under the factual discovery limitations period of subsection 2244(d)(1)(D), and Plaintiff presents no support for this proposition. The limitations period for the purposes of 28 U.S.C. § 2244(d)(1)(D) is determined from when discovery of the factual predicate for the habeas claim could have been reasonably discoverable through the exercise of due diligence. Section 2244(d)(1)(D) does not commence when the factual predicate was actually discovered by a given prisoner but when it could have been discovered by due diligence. Owens v. Boyd, 235 F.3d 356, 359 (4th Cir. 2000)

Here, Respondent argues Petitioner knew or should have known the factual predicate for his claim on February 4, 2008. That was the date the state trial court imposed its sentences upon Petitioner and explicitly stated that only one of his two consecutive sentences would receive pretrial detention credit. Petitioner clearly was present at his own sentencing hearing. Whether Petitioner immediately thereafter received a copy of the judgment that erroneous included such credit is beside the point according to Respondent. [3:23-cv-00705-MR; Doc. 15 at pp. 14-15]. The Court need not determine whether these circumstances are sufficient to impute to

17

Petitioner knowledge of his claim's predicate facts; Petitioner admitted to possessing actual knowledge of them. "Petitioner through Due Dilligence got a hold of the Judgment that the NCDAC had 'Changed' without notifying Petitioner or his counsel[.]" [Id.; Doc. 27 at 7 (errors uncorrected)]. Petitioner does not state precisely when he "got a hold" of the corrected judgment,[6] but based upon his previous filings, he clearly possessed a copy of it by August 6, 2019, when he included it in his MAR filed that day in the Mecklenburg County Superior Court.

As such, the limitations period, for the purposes of 28 U.S.C. § 2244(d)(1)(D), began to run no later than August 6, 2019, and expired one year later on some date on or before August 5, 2020. Petitioner's October 26, 2023, filing date for the present petition is clearly beyond the expiration of this limitations period and the petition is therefore untimely under § 2244(d)(1)(D).[7]

While the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), equitable

---

[6] Petitioner wrote a letter to the state trial court on January 20, 2016, requesting copies of the judgments from his Mecklenburg County Convictions. [3:23-cv-00705-MR; Doc. 15-10 at 2]. There is no indication in the record if or when such copies were sent to him.

[7] The Court uses the limitations period established by § 2244(d)(1)(D) as it is the "latest of" the two pertinent periods. 28 U.S.C. § 2244(d)(1).

tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Harris, 209 F.3d at 330.

In replying to Respondent's argument that the petition is untimely, Petitioner simply states, "I presented my claim when 'I' discovered it through Due Dilligence & presented it to the state court as soon as it was discovered that's all I can do in my situation of being incarcerated for over 21yrs." [Id.; Doc. 27 at 8 (errors uncorrected)]. Petitioner's statement is self-serving; he points to no evidence that he raised or pursued his present claim in any of his numerous state MARs filed before this action, or that extraordinary circumstances beyond his control prevented him from doing so either in state court or here. Petitioner, therefore, is not entitled to equitable tolling. The pending § 2254 petition is untimely, and this Court is without jurisdiction to review the same.

### 3.   The Merits of Petitioner's Claim

Even if the petition in this matter were not dismissed as successive and/or untimely, the Petitioner would not prevail on the merits. Respondent's inability to identify who revised the Habitual Possession of a Firearm by a Felon judgment or exactly when it was done is irrelevant.  Correcting such

judgment was required and occurred for two reasons. [No. 3:23-cv-00705-MR; Doc. 15 at 3].

First, removing the 1,231 days of pretrial credit from Petitioner's Habitual Possession of a Firearm by a Felon judgment was necessary to bring said judgment into compliance with the state trial court's oral pronouncement. [No. 3:23-cv-00705-MR; Doc. 15 at 2]. After the state trial court recited Petitioner's sentences, Petitioner's defense attorney and the state trial court engaged in the following exchange:

> [Petitioner's Counsel]: Your Honor, Mr. Black is entitled to one thousand two hundred and thirty one days of pretrial credit which he would like to have applied to the voluntary manslaughter.
>
> THE COURT: One thousand two hundred and –
>
> [Petitioner's Counsel]: thirty one days.
>
> THE COURT: The defendant shall receive one thousand two hundred and thirty one days of pretrial confinement [sic] on the voluntary manslaughter charge.

[No. 3:12-cv-00286-RJC; Doc. 1-4 at 152 (quoting the state trial court transcript)]. Petitioner does not contest these facts.

The second reason the Habitual Possession of a Firearm by a Felon judgment required correction is that state law prohibited the crediting of pretrial confinement time to both of Petitioner's consecutive sentences. [No. 3:23-cv-00705-MR; Doc. 15 at 2-3, n.2]. Plaintiff cannot get credit for the

20

1231 days twice under North Carolina law, "[c]onsecutive sentences shall be considered as one sentence for the purpose of providing credit, and the creditable time shall not be multiplied by the number of consecutive offenses for which a defendant is imprisoned." N.C. Gen. Stat. § 15-196.2 (effective 1973). Therefore, even if the state trial court wished to credit both of Petitioner's consecutive sentences with 1,231 pretrial days (which it did not), it was foreclosed from doing so – its judgments would have violated North Carolina law. Petitioner counters that the Fourth Circuit "has ruled that N.C.G.S. 196.2 is palpably 'Unconstitutional' " citing <u>Ham v. North Carolina</u>, 471 F.2d 406 (4th Cir. 1973). [No. 3:23-cv-00705-MR; Doc. 27 at 8]. Petitioner's reading of that case is erroneous. In <u>Ham</u>, the Circuit ruled that it would be "palpably unconstitutional" to apply N.C. Gen. Stat. § 15-176.2 (a precursor to § 15-196.2) granting presentence detention credit prospectively only and not to persons like Mr. Ham whose case was adjudicated before its enactment. 471 F.2d at 408.

For both of these reasons Petitioner cannot prevail on the merits of his claim. As the transcript from the state trial court makes plain, neither that court nor Petitioner's defense attorney ever intended Petitioner to double-dip and receive 1,231 days credit against both judgments. Some unknown state official made a clerical error by including Petitioner's pretrial detention time

21

on both of his judgments, but it was later corrected. Unfortunately Petitioner received a copy of the erroneous judgment.

Far from "blundering" in reaching its outcome, the state trial court "got it right" when its Habitual Possession of a Firearm by a Felon judgment was revised to remove the duplicative pretrial credit. Aside from the present petition being subject to dismissal as an unauthorized successive petition, and as having been filed beyond the applicable limitations period, Respondent's explanation surrounding the correction of Petitioner's Habitual Possession of a Firearm by a Felon judgment is sound. The State's unconventional correction of its clerical error was a decision based on an eminently reasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim is meritless.

## III.  CONCLUSION

For the reasons stated herein, the Court will dismiss Petitioner's habeas petition because it is an unauthorized, successive petition and it is filed beyond the applicable limitations period. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1.      Respondent's Motion to Dismiss [No. 3:23-cv-00705-MR; Doc. 14] is **GRANTED**;

2.      The Petition for a Writ of Habeas Corpus, filed by Petitioner under 28 U.S.C. § 2254 [No. 3:23-cv-00705-MR; Doc. 1], is **DISMISSED**;

3.      Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court **DECLINES** to issue a certificate of appealability; and

4.      The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**          Signed: December 31, 2025

Martin Reidinger
Chief United States District Judge